JOURNAL ENTRY AND OPINION.
{¶ 1} On July 22, 2003, the relator, Donald Williams, commenced this mandamus action to compel the respondent judge to issue findings of fact and conclusions of law for a postconviction relief petition, which he had filed on September 24, 1996, in the underlying case, State of Ohiov. Donald Williams, Cuyahoga County Common Pleas Court Case No. CR. 315917.[1] On August 20, 2003, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness. Attached to the dispositive motion was a certified copy of a journal entry, signed and file-stamped August 19, 2003, and which contained the requisite findings of fact and conclusions of law for Williams' petition.[2] This attachment establishes that the judge has fulfilled his duty to issue the findings of fact and conclusions of law and that Williams has received his requested relief, a resolution of his postconviction petition.
 {¶ 2} Additionally, Williams never filed a brief in opposition to the motion for summary judgment. Cf. State ex rel. Eglin v. Watzek
(1961), 172 Ohio St. 199, 174 N.E.2d 261 and State ex rel. White v.Enright (1992), 65 Ohio St.3d 481, 605 N.E.2d 44 — dismissing cases for want of prosecution.
 {¶ 3} Accordingly, the motion for summary judgment is granted, and the application for a writ of mandamus is denied. Each party to bear their own costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
ANN DYKE, P.J., concurs.
FRANK D. CELEBREZZE, JR., J., concurs.
[1] Williams attached to his mandamus complaint a copy of his postconviction relief petition, bearing the file stamp of the clerk of courts. However, after reviewing the computer docket of the underlying case, the court notes that the petition does not appear on the docket.
[2] The motion filed on August 19, 2003, was captioned a motion to dismiss but had the findings of fact and conclusions of law attached. On August 21, 2003, the prosecutor filed a notice of clarification that the dispositive motion should be considered a motion for summary judgment.